Murray B. Weil, Miami Beach, Fla., for plaintiff.

Angus Campbell, West Palm Beach, Fla., for debtors.

Robert T. Kasdorf, Reynolds, Gruber, Herrick, Flesch & Kasdorf, Madison, Wis., for debtor.

Daniel W. Stolper, Stafford, Rosenbuam, Rieser & Hansen, Madison, Wis., for creditor Madison Gas and Elec. Co.

**In the Matter of Carol J. DEITER, Debtor.**

**Bankruptcy No. MM7–82–01656.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 2, 1983.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT D. MARTIN, Bankruptcy Judge:

The application of Madison Gas and Electric Company ("MG & E") for a declaration that the automatic stay of 11 U.S.C. § 362 is inapplicable to its efforts to disconnect service to the debtor Carol J. Deiter and the debtor's request under 11 U.S.C. § 366(b)

for a modification of the amount of security necessary to provide adequate assurance of payment came on for hearing August 29, 1983. Daniel W. Stolper appeared for MG & E and Robert T. Kasdorf appeared for the debtor. Upon the evidence presented at the hearing, the arguments of counsel, and the entire record herein, I hereby make the following:

FINDINGS OF FACT

1. The debtor filed for relief under chapter 13 on September 23, 1982. Her chapter 13 plan was confirmed on October 29, 1982. Among the claims provided for by that plan was a balance due MG & E in the amount of $242.92.

2. The debtor's chapter 13 statement indicated a budget providing for payment of heat and electricity totalling $45.00 per month. The actual bills presented by MG & E and the amounts paid thereon were as follows:

| Date Due | Total Bill | Payment of record | |
| | | Amount | Date |
| 09/12/82 | $332.92 | 90.00 | 09/09 |
| 11/04/82 | 287.67 | 44.75 | 10/07 |
| | credit adjustment | | 01/20 | $242.92 |
| 11/12/82 | 57.13 | | |
| 12/14/82 | 149.34 | $20.00 | 12/07 |
| 01/14/83 | 250.12 | | |
| 02/12/83 | 387.59 | 30.00 | 02/08 |
| 03/13/83 | 469.27 | | |
| 04/12/83 | 565.23 | 25.00 | 04/08 |
| 05/13/83 | 632.43 | gas refund | 05/05 |
| 06/12/83 | 695.22 | | |
| 07/15/83 | 757.07 | | |
| 08/13/83 | 806.60 | | |

The total net post-petition indebtedness of the debtor to MG & E as of July 25, 1983 was $806.60 of which $757.07 was due at the time of MG & E's application.

3. On August 18, 1983 the debtor's case was converted to chapter 7 at the debtor's request.

4. During August of 1983 the debtor moved to an apartment requiring rental payments of $340.00 a month. Utility payments are not included in the rent and are unknown as to probable amount. The debtor has custody of three children who she is responsible to feed and clothe. During August of 1983 the debtor has obtained employment at K-Mart working 20 to 27 hours per week and will receive gross monthly wages of approximately $250.00 per month. She continues to receive an AFDC grant of $531.00 per month.

5. MG & E does not actively seek deposits to secure future payments from chapter 13 debtors preferring instead to provide services so long as regular payments are made and disconnecting service upon failure to make regular payments. The process of disconnecting service usually takes 60 to 90 days after the due date of a missed payment.

6. MG & E has requested that the debtor pay $757.07, the arrearage accrued while the chapter 13 case was pending, to provide assurance of future payments as required by 11 U.S.C. § 366.

7. The debtor has proposed to pay $200.00 as a security deposit to MG & E payable in sums of $150.00 on September 7, 1983 and $50.00 on October 7, 1983 as security for payment of future utility bills.

CONCLUSIONS OF LAW

1. MG & E has a priority claim for $806.60 under 11 U.S.C. §§ 503 and 507 arising from services performed and utilities supplied during the chapter 13 case.

2. MG & E's priority claim for $806.60 is dischargeable in the debtor's present chapter 7 case pursuant to 11 U.S.C. § 727(b) and 11 U.S.C. § 348 which together provide that upon conversion from chapter 13 to chapter 7 debts incurred during the pendency of the chapter 13 case are subject to discharge in the chapter 7 case.

3. MG & E is not stayed by 11 U.S.C. § 362 from collecting amounts due from debtor arising and accruing after August 18, 1983, because continuing utility services are governed by 11 U.S.C. § 366. 11 U.S.C. § 362 does stay any effort of MG & E to collect any sums due from the debtor prior to August 18, 1983.

4. MG & E is entitled to assurance of future payment and security for future payment of utility bills pursuant to 11 U.S.C. § 366. The guidelines of the Wisconsin Public Service Commission which suggest that the two highest consecutive

monthly bills during the previous 12-month period should provide the basis for a deposit seems to reflect well the anticipated period of delay in accomplishing disconnection. Because the two highest consecutive monthly bills during the period of the chapter 13 pendency equal approximately $260.00, it will be adequate assurance of future payment if a security deposit in that amount is paid, $150.00 on or before September 7, 1983, $55.00 on or before October 7, 1983, and $55.00 on or before November 7, 1983.

Judgment may be entered consistent with these findings of fact and conclusions of law.