**In re Stephanie M. DAVIS, Debtor.**

**Georgia Power Co., Movant/Defendant,**

v.

**Stephanie M. Davis,
Respondent/Plaintiff.**

**Bankruptcy No. 02–42744.
Adversary No. 04–4003.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

July 8, 2004.

William A. Edwards, Jr., Columbus, GA, for Debtor.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On June 18, 2004, the Court held a hearing on the Motion of Georgia Power Co. ("Defendant") for Summary Judgment. At the conclusion of the hearing, the Court took the matter under advisement. The Court has considered Defendant's briefs and both parties' oral arguments, as well as applicable statutory and case law. For the reasons that follow, the Court denies Defendant's Motion for Summary Judgment because it is not entitled to judgment in its favor as a matter of law.

### PARTIES' CONTENTIONS

Defendant contends that it did not violate the automatic stay when it demanded that Stephanie M. Davis ("Plaintiff") pay the amount she owed Defendant from the time she filed her Chapter 13 petition to the date of the conversion of her case to Chapter 7, plus a deposit, as provided for in 11 U.S.C. § 366. 11 U.S.C. § 366 (1993 & Supp.2003). Defendant argues that it is entitled to the past due amount plus the deposit because 11 U.S.C. § 348(d), which treats post-petition pre-conversion debts as having been incurred just prior to the original petition date, excludes administrative expense claims. 11 U.S.C. § 348 (1993 & Supp.2003). Defendant argues that the debt incurred by Plaintiff for electric service during the pendency of her case prior to the conversion is an actual and necessary expense. Therefore, Defendant argues that its claim for the post-petition pre-conversion amount is automatically entitled to priority status as an administrative expense.

Further, Defendant argues that the conversion did not impose a new automatic stay. Defendant maintains that it is not in violation of the automatic stay for attempting to collect on the post-petition pre-conversion debt, in addition to a deposit. Defendant argues that it did not need to wait twenty days post-conversion prior to making the demand, as required in 11 U.S.C. § 366, because, under 11 U.S.C. § 348(a), the conversion did not affect the date of the original order for relief. 11 U.S.C. §§ 348, 366.

Plaintiff argues that 11 U.S.C. § 348(d) provides for the discharge of post-petition pre-conversion debts. 11 U.S.C. § 348. Therefore, Defendant was not entitled to collect the post-petition pre-conversion debt at the time it requested the deposit. Defendant was in violation of the automatic stay by doing so. As to Defendant's administrative expense claim argument, Plaintiff argues that there is nothing automatic about the status of an administrative expense claim. Even if Defendant was entitled to an administrative expense claim, it would have only received a higher priority claim. However, the debt still would have been dischargeable.

## CONCLUSIONS OF FACT

Stephanie M. Davis ("Plaintiff") did not respond to Defendant's Statement of Uncontested Facts. Therefore, the facts as alleged in Defendant's Statement of Uncontested Facts are deemed *admitted* by Plaintiff. Defendant began providing Plaintiff with electric service some time in or around April 2000. Plaintiff did not have a good payment history with Defendant. Plaintiff was issued numerous warnings by Defendant that her electric service would be turned off if she did not pay her account current. Plaintiff also submitted six checks to Defendant that were returned for insufficient funds.

Plaintiff filed a Chapter 13 Bankruptcy petition on October 29, 2002. It was not established whether Plaintiff owed Defendant any money at the time of the filing of her Chapter 13 petition. However, Defendant did not receive notice of the Chapter 13 filing. If Defendant had received notice of the Chapter 13 filing, per Defendant's standard practice, it would have "finaled out" the previous account and created a new post-petition account to avoid inadvertent violations of the automatic stay.

On December 26, 2003, Defendant was informed through Plaintiff's counsel that Plaintiff intended to convert her case to Chapter 7. On December 30, 2003, Plaintiff filed a Notice of Voluntary Conversion to Chapter 7. On January 8, 2004, Defendant notified Plaintiff that she was required to pay her outstanding bill of $532.77 plus a security deposit to prevent her electric service from being terminated. Plaintiff did not pay Defendant. On January 13, 2004, Defendant terminated Plaintiff's service.

On January 14, 2004, Defendant informed Plaintiff, through counsel, that she would need to pay the balance due plus the security deposit to reestablish service. On the same day, Plaintiff filed this adversary proceeding seeking an order from this Court to require Defendant to reestablish electric service, for the Court to set a security deposit, and asking for actual and punitive damages, as well as attorneys fees. On January 16, 2004, the Court held an Emergency Hearing during which the parties agreed that Defendant would reestablish Plaintiff's electric service and set a security deposit. The parties did not agree that Defendant was legally required to do so.

## CONCLUSIONS OF LAW

Section 348 of the United States Bankruptcy Code ("Code") provides for the effect upon conversion of a case from one chapter to another under the Code. 11 U.S.C. § 348. The conversion constitutes an order for relief under the chapter converted to but conversion does not affect "the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). Section 348(d) specifically provides for the treatment of post-petition pre-conversion debts. 11 U.S.C. § 348(d). "A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section ...1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." *Id.*

While Defendant makes a valid argument that the post-petition pre-conversion debt may be eligible to receive priority status as an administrative expense, the Court does not read the Code to provide this status automatically. *See* 11 U.S.C. §§ 348(d), 503(b) (1993 & Supp. 2003); *see also Martinez v. Public Serv. Co. of Colo. (In re Martinez)*, 92 B.R. 916, 918 (Bankr.D.Colo.1989). Section 503(b) specifically requires notice and a hearing

prior to the determination that a post-petition debt is entitled to priority status as an administrative expense. 11 U.S.C. § 503(b). Further, even if Defendant's argument on this issue were correct, nothing in the Code allows Defendant to attempt to collect the debt via self-help, as it did in this case. *See* 11 U.S.C. § 503.

The Court is persuaded to agree with Defendant that it did not have to wait twenty days from the conversion date to demand a deposit from Plaintiff. *See* 11 U.S.C. §§ 348(a), 366. Section § 348 "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). However, the Court is not persuaded to agree with Defendant that reading 11 U.S.C. § 366 in conjunction with 11 U.S.C. §§ 348(d) and 503(b) somehow allows Defendant to demand payment of the post-petition pre-conversion debt, in addition to a deposit, to continue utility service post-conversion. In fact, the case law on point is to the opposite. *See Smith v. GTE North Inc. (In re Smith),* 170 B.R. 111, 113, 115 (Bankr.N.D.Ohio 1994); *Martinez,* 92 B.R. at 917–918; *In re Deiter,* 33 B.R. 547, 548 (Bankr. W.D.Wisc.1983). Under 11 U.S.C. § 366,

Defendant was entitled only to the deposit. 11 U.S.C. § 366. Nothing in 11 U.S.C. §§ 348 or 503 entitled Defendant to anything more at the time the demand was made. 11 U.S.C. §§ 348, 503.

Finally, if a hearing would have been held to determine whether Defendant was entitled to an administrative expense claim for the post-petition pre-conversion debt, it is unlikely that the Court would have made such a determination. The Chapter 7 Trustee in this case has filed a "Report of No Distribution." (*See* Doc. # 20). There are no assets from which administrative expense claims could be paid. Therefore, a motion for allowance of an administrative expense claim would likely be denied.

For the reasons stated above, Defendant is not entitled to judgment as a matter of law. Therefore, the Court denies Defendant's Motion for Summary Judgment. An order in accordance with this Memorandum Opinion will be entered.